IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

PAUL D. HEIMANN, individually,

Plaintiff,

vs.

ERICKSON & SEDERSTROM, P.C., L.L.O.,
and JOHN DOES 1-10,

Defendants.

**4:26CV3068**

**ORDER CANCELING HEARING ON
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION AND
REFERRING MOTION FOR
EXPEDITED DISCOVERY TO
MAGISTRATE JUDGE**

This case is before the Court on Plaintiff's March 27, 2026, Motion for Leave to Present Live Testimony at Preliminary Injunction Hearing, or in the Alternative, to Stay Hearing Pending Limited Expedited Discovery. Filing 14. A hearing on Plaintiff's Motion for Preliminary Injunction is currently scheduled for 2:00 p.m. CDT on Wednesday, April 8, 2026. Filing 10.

In the Motion now before the Court, Plaintiff seeks leave to present live testimony of five witnesses at the Preliminary Injunction Hearing. Filing 14 at 1–2. He asserts that calling these witnesses will ensure that the Court "has a complete picture" and may resolve the Motion for Preliminary Injunction entirely. Filing 14 at 2. He anticipates that all pertinent questions can be resolved with such testimony rather than continued briefing. Filing 15 at 6. Plaintiff believes that this case will continue and survive any subsequent motion to dismiss on the basis of the case law discussed in his brief. Filing 15 at 7. In the alternative, Plaintiff requests that the Court stay the April 8, 2026, hearing and authorize Plaintiff to conduct limited expedited discovery directed to Defendants, consisting of the stated targeted interrogatories and requests for production, to be answered within fourteen (14) days. Filing 14 at 2. He contends that Defendants should not be allowed to assert the factual insufficiency of his claims while withholding facts that would confirm or refute his allegations. Filing 15 at 20.

1

The Court concludes that live witnesses at a Preliminary Injunction hearing under the present circumstances is not an appropriate replacement for discovery or depositions of witnesses. Under the circumstances, the Court concludes that the appropriate course is to cancel the Preliminary Injunction hearing set for April 8, 2026, and to refer to United States Magistrate Judge Ryan C. Carson the question of whether and what expedited discovery should be allowed before the Court holds a Preliminary Injunction hearing. Accordingly,

IT IS ORDERED that

1.    The part of Plaintiff's March 27, 2026, Motion, Filing 14, seeking leave to present live witnesses at the Preliminary Injunction hearing is denied;

2.    The part of Plaintiff's March 27, 2026, Motion. Filing 14, seeking alternative relief in the form of expedited discovery is referred to United States Magistrate Judge Ryan C. Carson to hear and decide pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A), including the setting of any deadlines for the completion of expedited discovery, if any expedited discovery is allowed; and

3.    By separate Order, the Court will reschedule a hearing on Plaintiff's Motion for Preliminary Injunction at an appropriate time.

IT IS FURTHER ORDERED that the deadlines for briefing and submission of evidence set out in the Court's March 23, 2026, Order Setting Hearing on Plaintiff's Motion for Preliminary Injunction, Filing 10 at 1–2 (¶¶ 1–3, 6), remain in full force and effect.

Dated this 30th day of March, 2026.

BY THE COURT:

Brian C. Buescher
United States District Judge