IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAUL D. HEIMANN, individually;<br><br>Plaintiff,<br><br>vs.<br><br>ERICKSON & SEDERSTROM, P.C., L.L.O., and  JOHN DOES 1-10,<br><br>Defendants. | | **4:26CV3068**<br><br><br>**ORDER** |

This matter is before the court on Plaintiff's Motion to Compel or Convene a Discovery Conference Regarding Early Discovery. (Filing No. 59). Plaintiff requests an order setting a call to establish an agreed protocol for the preservation, retrieval, and production of a narrow set of system-generated email logs" or to compel their production under Fed. R. Civ. P. 37(a) and NECivR 7.1(j). Upon consideration and for the reasons set forth below, the motion will be denied.

First and foremost Plaintiff's motion is filed in violation of the posted Magistrate Judge Civil Case Management Practices which state:

> [A] discovery motion (to compel, quash, or for a disputed protective order), including any motion regarding the scope and production of ESI, cannot  be filed without first: a) thoroughly discussing the issue with opposing counsel in good faith; and then b) as stated in the case scheduling order, contacting the magistrate judge assigned to the case to discuss the discovery dispute. The failure to contact the court prior to filing a discovery motion may result in an order striking the motion.

1

The civil case management practices are typically referenced in the court's scheduling order and can be found here: https://www.ned.uscourts.gov/attorney/judges-information/civil-case-management. The court recognizes that Plaintiff requests a discovery conference as part of the motion, but Plaintiff should not have filed the pending motion at all, as he did not contact the court prior to filing. While Plaintiff's motion claims that the filing will save the time and expense of more formal briefing, he filed a six-page motion and a ten-page brief. This approach runs contrary to the spirit of the local rules and the court's practices, but also to Fed. R. Civ. P. 1, which encourages the just, speedy, and inexpensive determination of every civil action.

Fed R. Civ. P. 26(d)(1) provides that a party may not seek discovery from any source before the parties have met and conferred as required by Rule 26(f). The civil case management practices also provide that a Rule 26(f) Report is not typically entered until all named defendants have been served and filed answers and all Rule 12 motion practice is complete. (Civil Case Management Practices, at page 2). Accordingly, no scheduling order or case progression order has been entered in this case as there is a pending Motion to Dismiss for Failure to State a Claim. (Filing No. 42). There are certain exceptions to Fed. R. Civ. P. 26(d)(1), and this is not Plaintiff's first request for early or expedited discovery. The court held a discovery conference with the parties in this case on April 7, 2026, giving certain instructions to the parties and setting forth a schedule for resolving the issues raised in Plaintiff's Motion for Expedited Discovery (Filing No. 14). (See Filing No. 28, Minute Entry; Filing No. 29, Audio File). On April 16, 2026, the court struck Plaintiff's Motion for Leave to Serve Rule 45 Subpoenas on Non-Party Witnesses and for Expedited Preservation Order because Plaintiff deviated from the procedure the court set forth in Filing Nos. 28 and 29. The order striking Plaintiff's motion included an advisement that "The parties are ordered not to file any additional discovery motions until further permitted by the court." (Filing No. 34, text order). The court convened a second discovery conference on April 28, 2026 to further address Plaintiff's Motion for Expedited Discovery (Filing No. 14).  (Filing No. 38, Minute Entry).

Following the April 28, 2026, conference the court entered an order which set forth the standards for early discovery:

> Fed R. Civ. P. 26(d)(1) provides that a party may not seek discovery from any source before the parties have met and conferred as required by Rule 26(f). The rule is subject to limited exceptions, including a court order permitting discovery. Relevant standards for expedited discovery are set forth in several cases from the 8th circuit, including *Monsanto Co. v. Woods*, 250 FRD 411 (E.D.Mo. Mar. 26, 2008), *Wachovia Securities, LLC v. Stanton*, 571 F.Supp.2d 1014 (N.D.Iowa, Aug. 5, 2008); and *Road Safety Services Inc. et al, v. Gilbertson et al*, 2026 WL 836656 (D. Neb. Mar. 26, 2026). The requested discovery must be proportional to the needs of the case and narrowly tailored. The court should weigh the prejudice to the responding party and consider the "entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Wachovia Securities*, 571 F.Supp.2d at 1050 (citing *Monsanto*, 250 F.R.D. at 413).

> (Filing No. 41).

Upon consideration of the relevant standards, the court found good cause to authorize "very limited expedited discovery" with specific instructions. (Filing No. 38, text minute entry; Filing No. 41). Plaintiff was permitted to serve five interrogatories which would target the information he needed before a hearing could be held on the motion for preliminary injunction. (Filing No. 41; Filing No. 14 at 2-3). The court further found that good cause had not been shown to allow an expert access to Defendant's computer system at that time, as the scope of the requests was more appropriate for the full discovery phase. (Filing No. 41 at 3; Filing No. 39, audio file at 43:00). The court concluded it would "not expand the scope of discovery beyond the information Plaintiff initially requested." (Filing No. 41).

Plaintiff did not object to Filing No. 41, but seems to now be unsatisfied with Defendant's responses to the interrogatory responses. Plaintiff did not seek leave to file the current motion (Filing No. 59), and no motion was authorized by the court. Plaintiff argues changed circumstances warrant additional discovery based upon defendant's responses to interrogatories. (Filing No. 59). Plaintiff proposes that his expert confer with Defendant by video to walk Defendant through how information should be retrieved from Defendant's

3

computer systems. He argues that "if E&S did nothing wrong, it should welcome the opportunity." (Filing No. 61). Plaintiff suggests that the court has already entered an order authorizing early discovery and proposes a conference to "set an agreed protocol for retrieving a defined set of logs." (Filing No. 61 at 6). Plaintiff plainly ignores the court's ruling that the early discovery was limited to the interrogatories only. "Courts commonly consider the breadth and timing of the requests, their purpose, and the burden on the responding party" and grant requests that are narrowly tailored. *See Wilson v. Noshirvan*, No. 8:25CV635, 2026 WL 184557, at *1 (D. Neb. Jan. 23, 2026). However, Plaintiff's motion appears to be an end run around the courts' prior order, as the production of documents that Plaintiff now seeks is the same or similar request to the one the court already addressed and denied. (Filing No. 39, audio file; Filing No. 41). This request is not proportional to the needs of this case as Plaintiff again seeks the type of information that is "more appropriate for the full discovery phase." (Filing No. 41 at 3). Further, it would be difficult or prejudicial to require Defendant to complete the requested discovery when it is possible that all or part of this case may not survive the court's ruling on the pending motion to dismiss. *See Straka v. Clement*, No. 8:24CV24, 2024 WL 2155029, at *1 (D. Neb. May 14, 2024).

Finally, Plaintiff has repeatedly argued there is an urgent need for this information, but this argument is undercut by Plaintiff's delay in bringing this lawsuit. Judge Buescher noted, "The Court simply does not find it plausible that Heiman[n] had no reason to discover the alleged interception of his emails directed to his address with his former employer for thirteen months after leaving his prior employment." (Filing No. 5). The court found that "implausible suggestion" weighed against a temporary restraining order. Plaintiff has not shown good cause for expedited or early discovery above and beyond what has already been ordered in this case. To the extent the plaintiff remains concerned regarding the possible deletion of information, it seems undisputed that defendant has received several litigation hold requests and should make efforts to preserve that

4

information, as it may be discoverable through the normal course and scope of discovery should the matter proceed.[1]

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Compel or Convene a Discovery Conference Regarding Early Discovery is denied. (Filing No. 59).

Dated this 12th day of June, 2026.

BY THE COURT:

s/ Ryan C. Carson

United States Magistrate Judge

---

[1] Plaintiff asserts Erickson & Sederstrom's archiving platform has a built-in litigation-hold function, and the Barracuda Message Archiver has similar functionality. (Filing 61 at 9).